# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| THOMAS TILFORD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:13-CV-00962-BCW ) |
| TITLEMAX OF MISSOURI, INC., | ) ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant TitleMax of Missouri, Inc.'s Motion to Dismiss Count IV (Doc. #8). The Court, being duly advised of the premises, and for good cause shown, grants said Motion.

## BACKGROUND

On September 30, 2013, Defendant TitleMax of Missouri, Inc. ("TitleMax") removed this matter, originally filed in the Circuit Court of Jackson County, Missouri, to this Court. This case arises from alleged discrimination against Plaintiff Thomas Tilford ("Tilford") during his employment with Defendant TitleMax.[1] Tilford alleges the following:

Tilford, an African-American male, worked at TitleMax and TMX as a Store Manager from October 3, 2011 until September 5, 2012. Tilford worked at the TitleMax and TMX location at 7741 Troost, Kansas City, Missouri ("the Store"). A General Manager, a Store Manager, and a Customer Service Representative staffed the Store. As a Store Manager, Tilford reported to the General Manager, who in turn reported to District Manager Michelle Warmsley.

---

[1] Tilford voluntarily dismissed originally named Defendants TMX Investments, LLC and Michelle Warmsley. (Docs. #13, #25).

1

At some point, Tilford expressed his interest in working as a General Manager to Warmsley. In response, Warmsley told Tilford that TitleMax and TMX did not want African-American males as the face of the Store, because African-American customers were less likely to pay back their debts under those circumstances.

In July or August 2012, a Caucasian male, Scott Coker-Padilla was hired as the Store's General Manager. Soon after, Coker-Padilla indicated that he was homosexual and married, and throughout August 2012, Coker-Padilla made several racially- and sexually-charged comments in the presence of Store staff. On September 1, 2012, Tilford left Warmsley a voicemail about Coker-Padilla's comments and asked that Warmsley return his call.

On September 5, 2012, both Warmsley and Coker-Padilla were at the Store when Tilford reported to work. Warmsley told Tilford she needed to speak with him about his field visits, then asked Tilford why he had called on September 1, 2012. Tilford pretended like he did not remember the purpose of his call so that he could see what Warmsley wanted to address him about first.

Warmsley confronted Tilford about the performance of his field visits, specifically questioning the visits' durations. Tilford assured Warmsley that he was performing his duties properly and that Coker-Padilla could confirm his performance. Coker-Padilla told Warmsley that he had no way of knowing whether Tilford was completing his field visits in a timely manner. Warmsley told Tilford she did not believe him, gave him a separation notice, and told him his services were no longer required.

As a result of these alleged events, Tilford filed suit against TitleMax, asserting claims of race discrimination, sexual harassment and discrimination, and retaliation pursuant to the

Missouri Human Rights Act ("MHRA"). Additionally, Tilford asserts a claim of negligent supervision against TitleMax, of which TitleMax seeks dismissal under Fed. R. Civ. P. 12(b)(6).

## STANDARD

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). A plaintiff's claim survives a motion to dismiss as long as he or she has pleaded sufficient facts, "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

When ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the [nonmoving party]," and must also draw all reasonable inferences in favor of the nonmoving party. Stodghill v. Wellston Sch. Dist., 512 F.3d 472, 476 (8th Cir. 2008). However, the Court need not accept as true any legal conclusion couched as a fact. Iqbal, 556 U.S. at 678.

## DISCUSSION

TitleMax seeks dismissal of Tilford's Count IV for negligent supervision. In opposition, Tilford argues that TitleMax unreasonably failed to fulfill its duties to supervise its employees, prevent them from engaging in sexual harassment or discrimination, and ensure that any harassment and/or discrimination was handled appropriately and effectively. Additionally, Tilford alleges that TitleMax ratified actions taken by Warmsley and Coker-Padilla in the scopes of their respective employments.

A federal court sitting in diversity applies state substantive law and federal procedural law. Hanna v. Plumer, 380 U.S. 460, 465 (1965). In Missouri, a common law negligent supervision claim is sustainable upon allegations showing that injury to a plaintiff would not

3

have occurred but for a defendant's negligent supervision of a third party acting outside the scope of the third party's employment. Gibson v. Brewer, 952 S.W.2d 239, 247 (Mo. 1997) (citations omitted). Notably, the "duty to supervise runs not to an activity, but rather to an individual." O.L. v. R.L., 62 S.W.3d 469, 474 (Mo. Ct. App. 2001) (citations omitted).

In this case, Tilford must reasonably assert: (1) a legal duty on the part of TitleMax to use ordinary care to protect Tilford against unreasonable risks of harm; (2) a breach of that duty; (3) proximate cause between the breach and the resulting injury; and (4) actual damages to the plaintiff. Id. "[T]his cause of action also requires evidence that would cause the employer to foresee that the employee would create an unreasonable risk of harm outside the scope of his employment." Reed v. Kelly, 37 S.W.3d 274, 278 (Mo. Ct. App. 2000) (citing Conroy v. City of Ballwin, 723 S.W.2d 476, 479 (Mo. Ct. App. 1986)).

Tilford alleges that "the identified individual Defendants were agents, servants, and employees of Defendants and were at all such times acting within the scope and course of their agency and employment . . . ." (Doc. # 1-2). Thus, the Court concludes that Tilford's allegations in support of the negligent supervision claim are insufficient to state a claim, based upon Tilford's failure to plead that the actions at issue occurred outside the scopes of Warmsley's and Coker-Padilla's employments.

The Court considers, however, whether the factual allegations underlying Tilford's negligent supervision claim otherwise "may be proper subject of relief, [such that] he ought to be afforded an opportunity to test his claim on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962).

TitleMax argues that Missouri law precludes a plaintiff from pursuing a claim for wrongful discharge under the guise of negligent supervision. Tilford argues he may assert a

4

negligent supervision claim because his alleged damages do not stem from his termination, but rather from harassment in the workplace.

In this context, a "common-law remedy is preempted by the comprehensive remedial scheme of the statute" where a statutory scheme provides an adequate avenue for redress. Noel v. AT&T Corp., 936 F. Supp. 2d. 1084, 1089 (E.D. Mo. 2013); Bradley v. Commerce Bank, N.A., No. 09-1084-CV-W-FJG, 2010 WL 1994707, at *4 (W.D. Mo. May 14, 2014). The Court thus concludes that Tilford's negligent supervision claim does not survive the motion to dismiss regardless of whether it is premised upon the termination of his employment or upon the alleged harassment in the workplace.

## CONCLUSION

Having considered the parties' arguments and the applicable law, the Court finds Tilford's alleged Count IV for negligent supervision is dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Accordingly, it is hereby

ORDERED Defendant TitleMax's Motion to Dismiss Count IV (Doc. #8) is GRANTED. However, this dismissal does not preclude the Court's consideration of a properly filed motion for leave to amend.

IT IS SO ORDERED.

DATED: July 10, 2014

/s/ Brian C. Wimes  
JUDGE BRIAN C. WIMES  
UNITED STATES DISTRICT COURT